UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04110-TWP-DML |
| | ) | |
| Dr. PAUL TALBOT; | ) | |
| WEXFORD HEALTH SOURCES; and | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion File Amended Complaint,
Denying Motion for Class Certification,
and Directing Further Proceedings**

Plaintiff Paul Roberson, an Indiana Department of Correction inmate, filed this 42 U.S.C. § 1983 action on November 6, 2017. Screening of the complaint pursuant to 28 U.S.C. § 1915A was deferred until such time as the initial partial filing fee was paid. Before the initial partial filing fee was received, Mr. Roberson filed a motion to amend his complaint and join parties and a motion for class action status and certification.

I. Motion to File Amended Complaint

The original complaint had not yet been screened, and defendants had not yet been served nor had they answered. Thus pursuant to Fed. R. Civ. P. 15(a), plaintiff could amend his complaint once as a matter of course and thereafter with leave of court freely given when justice so required. But plaintiff's proposed amended complaint adds two more plaintiffs, both inmates of the Department of Correction. Neither have paid a filing fee nor sought *in forma pauperis* status. While they assert their claims against the same defendants are common, a review of the claims demonstrate sufficient differences to require separate actions.

Each of the three purported plaintiffs have different medical conditions, sought different medical treatments or medications, and had a different progression of treatment. The deliberate indifference to serious medical needs standard is very fact-specific, requiring a case-by-case assessment, and defenses are case-by-case as well. For instance, where there are delays in obtaining treatment, the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 893 (7th Cir. 2012) (approving a district court's observation that "the level of medical care required . . . will vary depending on each inmate's circumstances"). Similar concerns surround levels of pain, changes in medication, and available treatment options, just to name a few. Additionally, plaintiffs' exhaustion of administrative remedies may very well be different in each case.

In cases where joinder of *pro se* plaintiffs could be appropriate, the Seventh Circuit Court of Appeals has held that the plaintiffs may join in one action, in compliance with *Fed. R. Civ. P.* 20, but they must each either be assessed the full filing fee or have their *in forma pauperis* status assessed individually. *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). This approach prevents "prisoners who have 'struck out' under [20 U.S.C.] § 1915(g) and thus must prepay all filing fees unless 'under imminent danger of serious physical injury' [from] tag[ing] along on a joint complaint." *Id.* at 854 (internal citations omitted).

Given that each of the plaintiffs in Mr. Roberson's proposed amended complaint would need to seek and obtain *in forma pauperis* status separately, or pay the entire filing fee separately, it would be better for each plaintiff to proceed on his own in separate cases.

The motion to file an amended complaint that adds two additional plaintiffs, dkt. [8], is **denied**.

Plaintiff Roberson shall have through **January 29, 2018**, in which to advise the Court he will proceed on his original complaint or file an amended complaint that does not contain additional plaintiffs. The failure to provide notice to the Court or file an amended complaint by that date will result in the Court screening the November 6, 2017, complaint pursuant to 28 U.S.C. § 1915A, as the operative complaint. Any amended complaint will be subject to the same screening requirement.

## II. Motion for Class Action Status

None of the three proposed plaintiffs are attorneys, and therefore could not prosecute a class action for other inmates. That fact alone requires denial of class action status. But moreover, other than the claims against Wexford Health Services and Corizon Medical Services for their hiring of Dr. Paul Talbot, the plaintiffs' claims do not meet the requirements of *Fed. R. Civ. P.* 23.

Rule 23(a) sets out the conditions that must be met to certify a class action:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

*Fed. R. Civ. P.* 23(a).

The Court is not persuaded that there are questions of law or fact that are common to the entire proposed class. The Court is not persuaded that the claims and defenses of the proposed representative parties are typical of all proposed members of the class. Lastly, because plaintiff and the proposed class representatives are not attorneys, they could not, at this time, satisfy the

fourth condition that they could "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The motion for class action status, dkt. [9], is **denied**.

III. Conclusion

The motion to amend the complaint, dkt. [8], and motion for class certification, dkt. [9], are **denied**. Plaintiff Paul Roberson has through January 29, 2018, in which to file an amended complaint containing only his claims and no other plaintiffs, or to inform the Court he will proceed with the November 6, 2017, complaint as the operative complaint.

**IT IS SO ORDERED**.

Date: 12/28/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul Roberson
218764
Pendleton Correctional Facility
Electronic Service Participant – Court Only